Cymczyk v. Genesis Healthcare Good morning Mr. Lynch? Yes, good afternoon, Your Honors. May it please the Court, my name is Gary Lynch, I represent the appellant in this matter, and at the outset I'd like to request five minutes for rebuttal. Fine. Thank you very much. Your Honors, our position in this appeal is that there's no difference between this case and this Court's previous decision in Weiss v. Regal Collections. In the Weiss decision, that involved a Rule 23 plaintiff. But here we have a statutory form of aggregation with an opt-in, and why isn't that different from this particular case? Well, that's a difference. I don't think it's a difference of any relevance, though, Your Honor. Here you have congressional intent displayed through the actual statute of Section 216B, that there should be a collective action mechanism in place for the trial of these cases, for the handling of these cases. In the Weiss decision, you simply had a Rule 23 displaying congressional intent that these cases should be treated under Rule 23, for all the purposes that underlie Rule 23. The distinction between those two devices has no bearing on the analysis that was set forth in Weiss that has to do with the concept of relating back in time the decision of when the case transfers, essentially from an individual plaintiff litigating on his or her own, to a representative action. And the reason that relation back had to occur in Weiss has to do with the mootness, the potential for mooting the case through an affirmative effort by the defendant to essentially pick off the plaintiff at the outset. But on a B-3 class action, everyone is in from the beginning unless they eventually opt out, whereas here, on the opt-in, there's only one person who starts it, and then the others have to jump in. They have to make an affirmative decision. Yes, that's absolutely true. But in the Weiss decision, that distinction between the opt-in and the opt-out mechanism had no bearing because in both cases, this case and in the Weiss case, there was a moment in time where the plaintiff was susceptible to having their claims mooted because nothing had happened with regard to the class certification decision. That's the reason why, in the Weiss decision, they had to employ the relation back device. If there was something unique about Rule 23 that granted the plaintiff in the Weiss decision, which had done nothing more than file the complaint alleging the class allegation, if there was something unique under Rule 23 that gave that plaintiff a claim to create a controversy or a claim beyond just their individual claim, they wouldn't have had to use the relation back device. Wasn't there a distinction in Weiss in terms of recovery that could be had if it was allowed to proceed as a class action in that under the Fair Debt Collection Practices Act, Congress had provided for certain damages on a class basis that otherwise wouldn't be available? And you don't have that here, do you? You don't have that here. And the Court did mention that in the opinion, but I don't think from my reading of it that that was the decision ultimately turned on. I think it ultimately turned on the Court seizing upon the relation back doctrine as a way to prevent an aggressive defendant from thwarting the Court's efforts to analyze whether the case should be treated as a class action under Rule 23 there. And what we're simply asking here is that we use the same relation back device to thwart a defendant's attempt to pick off the plaintiff here, which prevents essentially this Court from doing what's required or suggested or if not mandated by the Hoffman-LaRoche case by the Supreme Court, which is to get involved with the notice process, oversee that process, and allow for the collective action device that's set forth in 216B to take place. So there has to be that conditional certification process. There has to be an analysis ultimately of whether the claimants are similarly situated. Does it make any difference whether the conditional certification has been dropped now from Rule 23, although it still is in the statute? Does that make any difference? I don't think so, Your Honor, because under Rule 23, the Court at all times has the ability to reanalyze the class anyway. I think that that change in Rule 23 just really pertained to the timing of when those certification decisions were made. I don't think it changes the analysis, certainly under the Weiss decision. All right. What about does Lusardi, our earlier case, cause you problems here? No. If anything, Your Honor, I think for the same reasons that the Weiss Court distinguished Lusardi, they're distinguishable here. In the Lusardi case, you had plaintiffs that were affirmatively accepting a settlement. That's much different than what we had in Weiss and what we now have here, which is a defendant trying to essentially circumvent this collective action process. Like I said, in Weiss it was trying to circumvent Rule 23. Here we're trying to circumvent 216B. And ironically, it shouldn't be lost on the Court that the rule that they're seizing upon to do just that is Rule 68, and the underlying policy of Rule 68 is to get rid of cases, to eliminate unnecessary litigation. Well, if this is allowed to go forward and people are getting picked off from their claims, you're going to have a proliferation of litigation on the same exact issue, whereas before they could have been tried in one case. So the irony is not lost on me, and I hope it's not lost on the Court, that no good is being done by allowing a defendant to pick off a plaintiff in this manner. Go ahead, Your Honor, I'm sorry. Can this be easily remedied by plaintiffs' counsel by starting off with, let's say, three or five or ten plaintiffs? It could, Your Honor, from some other decisional law that's out there that says that once one or two or more people have opted in, then you're already past that point of being able to be picked off. The problem with that is if that's what we're left with, then we don't have the benefit of the Hoffman LaRoche mandate, which is to allow the district court to get involved in the notice process. Otherwise, it's the Wild West again, which is what was happening before the Hoffman LaRoche case. The whole purpose of it was to allow the district court to get involved with the process from the outset to make sure that the notices are fair and timely distributed. If we're going to go back to a situation where everybody is picked off at the beginning, necessitating a plaintiff who has a claim to go out and solicit on their own additional class members to come forward, well, then you've basically nullified the whole Hoffman LaRoche approach to these cases because now plaintiffs aren't going to even have the court engage in any analysis. There's not going to be any opportunity for the court to do that analysis. The Fifth Circuit in Sandoz talked about the need for the motion for conditional certification to be filed. Yes. Reasonably prompt on a timely basis. What precluded you in this case from not moving for conditional certification before the district court dismissed the case? Number one, we asked the district court, and the district court actually entered a case management order giving us a short period of discovery prior to filing that notice motion. The other reason, and the reason we asked for that short period of discovery, is that we had simply our one plaintiff who, based on her testimony and her statements to us, had seen something happen at work that clearly applied to everybody else in the workplace. However, the standard for conditional certification is a little bit of a moving target in our circuit with the district courts. Some courts have required nothing more than allegations of a policy like that, but the latest trend that we've seen in the district courts is that they require something more, and the phrase that they've used is a modest factual showing. To us, in our interpretation of it, that meant we needed something more than just the raw allegations of our plaintiff in order to satisfy that standard. Not much more, perhaps. We wanted to obtain that information through a short period of discovery with the defendant. So it wasn't as if we were being dilatory and we were letting time slide by. We had a process, and by the way, we think that process comports with the Hoffman-LaRoche methodology, which is to allow that period of discovery to occur so that we can make a meaningful motion for the court to do that analysis and approve the notice going out to the plaintiffs. The policies underlying the Weiss decision and the reason for preserving the Rule 23 mechanism really transfer over exactly to this case. All of the good that comes from collective actions or class actions or representative actions, if you will, those are true in the 216B context. The only difference is, like I said, this is created by Congress, and their intent comes through the actual statute, whereas in Rule 23 it comes through the actual rule of civil procedure. But the good that comes from it, and it doesn't need to be stated, it's fairly obvious, is that it allows people to pool their resources so that they can litigate a claim that they otherwise might not be able to pursue. It also allows for an efficient resolution in one proceeding, whereas if you didn't have that mechanism in place, and this is the same for Rule 23 or 216B, you would have a proliferation of litigation. So these things are still there. All these good reasons why the Weiss court saw fit to use the relation-backed doctrine to protect the plaintiff that was exposed at that moment in time apply equally here with the same force. There's all the good reasons that would flow from protecting this plaintiff and not allowing that picking off to go forward. There's actually one more than that. In this particular context, when you have 216B under the statute, the statute of limitations continues to run for the class members that are out there. So this is even worse than the Weiss decision or the Weiss context, because here you have all the more motivation for a defendant to use this picking off tactic to effectively erode the class down to nothing, if it could, by constantly picking off each individual person that was coming forward to try to get the court to do the analysis that Hoffman and LaRoche suggest. But that analysis will never occur as long as the defendant is allowed to continually pick off each plaintiff that comes forward. The consequence is that the statute will run for all those people, and they will never receive notice of the litigation and never be afforded the opportunity to opt into the litigation. And that is expressly contemplated by Section 216B. Should the relation – I'm sorry – relation-backed doctrine then apply regardless of whether a Rule 68 offer of judgment has been made? I'm sorry, Your Honor? On the statute of limitations point, I take it you'd want to – When will a statute run for the others that may join in this action? Typically, Your Honor, it runs from the time that they officially opt in to the litigation, as opposed to Rule 23. Three years back from when they opt in. Well, yeah, three years from when they opt in. It's really a look back more than a statute of limitations. So essentially your argument is that if we don't go your way, we don't apply Weiss to this situation, that the consequences are that people are going to be out of luck, totally? Yes, they're never going to have an opportunity to receive notice that 216B contemplates and given the opportunity to proceed collectively that Rule 216B – I'm sorry, Section 216B contemplates. Thank you. Good. Thank you, Mr. Legend. Mr. Boudreaux? Good afternoon, Your Honors. Good afternoon. It is afternoon now. May it please the Court, my name is James Boudreaux from the law firm of Greenberg Traurig for the defendant at Pelez, Genesis Healthcare and Elder Secure Resources Corporation. This is a moot case, and I think we're missing the point a little bit. The rule that you advocate, doesn't that force plaintiffs to file prematurely protective certification motions? No, Your Honor, because I don't think that the certification motion, frankly, has any impact. There's no such thing, really, as a class certification motion under Rule 216B. This nomenclature that has developed through case law and the like doesn't really have any statutory basis. There's nothing in Section 216B that says you get to send notice. It is a function and creature of Sperling v. Hoffman-LaRoche, the Supreme Court, in that the case management, the orderly joinder of parties. That's what 216B is. It is a joinder device. Nowhere is the word class or certification, I should say, even mentioned in the Hoffman-LaRoche opinion. So if we play it out in this case, think about the relation back doctrine. As it stands now, and as the plaintiffs readily admit, their named plaintiff has no individual interest in the merits of the claim. It's clearly moot. So the question is, what status is there? And it's, well, if you let the alleged class certification motion, which is really nothing more than a motion for notice, relate back to the filing of the complaint, that will somehow vest people with rights. But that's not how 216B works. If the court goes ahead and grants notice, conditional certification, call it what you will, notice will go out. It doesn't mean anyone joins. The case is still moot. Relate back that motion to the filing of the complaint. It has no impact. How many people are out there in the universe that could possibly join, if all joined? In this case, to be honest, it's a lot. I mean, it's in excess of 5,000. I know that. Nationwide, I don't know the exact number. Why shouldn't Weiss be extended to this context? Well, I think, first of all, Weiss is designed to address the tension between Rule 68 and Rule 23. Correct. Those tensions don't exist with 216B. And if we go right to the policy reasons that underlay, well, actually, let me take a second. And they don't exist in 216B because? Because of the nature of the device and the remedies provided for under the Fair Labor Standards Act. So if we look at the policy justifications in Weiss, what they call picking off, I frankly call a valid settlement of a claim, plaintiff gets more than 100 cents on the dollar. I thought one of the concerns of Weiss is you don't want to have premature certification of classes. But there is no such thing as a certification of a class under Section 216B. There may be an order for notice, and then people get an invitation, they're made aware of the lawsuit, and they're invited to join. They can file a consent form. At that point, ultimately, after the discovery, at the end of the day, a determination is ultimately made, a binding one, as to whether they are similarly situated such that the case can proceed to trial collectively. It is not a Rule 23. There's no such thing as an absent class member. And that's the real big hitch here. Because Weiss, Roper, Garrity, and all of its progeny, they don't say that the individual claim is moot. Indeed, they say while the merits, or the substantive merits of the claim is moot, the individual retains a stake in the procedural device of moving to certify the class. That is a function of Rule 23. That procedural stake is not existent in a 216B case. In the 11th Circuit, in the Cameron Grant case. Cameron Grant was a voluntary settlement, right? It was a voluntary settlement, but the issue is, in that case, was whether a named plaintiff in a 216B FLSA case has the right to represent other plaintiffs. That is, whether the named plaintiff has a procedural right analogous to that provided by Rule 23, such that they can continue to claim a personal stake. I thought the emphasis in Cameron Grant, and also I guess the 9th Circuit case in Smith, was that there was an actual voluntary settlement. They accepted the offer, and they settled up with you, and they're out. I don't think that that was a determining factor in Cameron Grant or the Smith case in the 9th Circuit. I think that was a distinguishing factor cited by Weiss, the voluntary nature of it, as something that distinguished Weiss, being involuntary, from Lusardi. The next case after Weiss, in effect, is Sandoz. Why don't we follow that in the 5th Circuit? Because I think the very issues that we're talking about here, and that is the differences between 216B and Rule 23 were lost on the Sandoz court. And when you read that opinion, they talk about this very point, because they say, if we relate back the conditional certification determination, which again, remember, is just let's send notice out, then suddenly, you know, the plaintiffs will be standing. There's nobody else in the case yet. It's not that. And the plaintiffs actually realize this issue, because if you look at page 6 of their reply brief, they don't talk about relating back the conditional certification decision. They talk about relating back the opt-in notices. That is a major difference, because you can't relate back the opt-in notices, because the Fair Labor Standards Act is very clear. The statute of limitations runs from the day you file your consent form. So your right vests on the day you file your consent form. It can't relate back to the complaint. And I think that in page 6 of the appellant's reply brief, where they say the opt-in notice has to relate back, it's because I think they understand that Cameron Grant tanks the sanding argument. Now, I want to go back to the Weiss policy decisions. You know, Weiss is, I think, an interesting decision, and I think largely, ultimately is driven, and I know Your Honor wrote it, is largely driven by the statute at issue there, that you had a class action remedy provision that was different from the individual remedy provision that made paying off that individual remedy provision a smart decision, such that you never ever would get to the class action remedy provision, frustrating congressional intent. That issue doesn't exist under the FLSA. Because? Because there's one remedy provision. You get what you get. You get back wages, doubled in the event of willfulness, attorney's fees and costs. That's it. But it might be, in this case, it conceivably could be 4,000 or 5,000 people. Correct, but it could be 4,000 or 5,000 people anyway, because unlike a Rule 23 class, you're not bound by a judgment. So if you choose not to participate, it doesn't affect you. Or if you choose to file your own, you can. You could have 4,000 or 5,000 individual lawsuits just, well, not just as easily. How many of these claims are out of time so far, or any of them? Well, none of them are. I mean, because it's a three-year moving window. And, you know, to be honest with you, the sort of chicken little fear that goes on around these cases, that if we do this, suddenly people are going to be foreclosed from courts. You know, the way to get around mootness is, if you have a current employee file a lawsuit, you can't be moot under the FLSA. Because every day is another day of damage. So there's no way to moot a current employee as a named plaintiff. Unless you change your practices. Well, you could end the practice, or it could be a discreet, you know, topic that happened. But going back to the policy issues that underlay Weiss, you know, the first one that they mention about is that the relation back allows plaintiffs to reduce spread litigation costs, particularly attorney's fees. You know, class actions. That's not an issue in the Fair Labor Standards Act, because you get your attorney's fees and costs as part of the remedy. It's non-discretionary. So if it's one plaintiff who brings them, they get their fees and costs. Just like Ms. Simchick in this case. She gets her fees and costs. Cost spreading can enhance the means of private attorney general involvement. One, no need to cost spread. Because it's taken care of by the statute. Second, it's well documented that the 216 being opt in nature is a substitute for the private attorney general. There is no private attorney general under the Fair Labor Standards Act. There is no such thing as a representative action. Now, the third policy issue noted in Weiss, that it allows plaintiffs to pool claims that would be uneconomical to litigate individually. Well, again, because of the remedy provision in the Fair Labor Standards Act, it's not uneconomical. These cases are filed every day on an individual basis. You get your fees and costs plus what you're paid. Now, I suppose the one thing is that you ultimately could be faced with the aggregation issue. That is, if you allow this to go forward, you might, instead of being able to resolve all claims in one proceeding, you might end up with multiple proceedings. I suggest that that is always a possibility. It might not happen. I don't know. But the fact of the matter is that policy justification alone can't provide standing. It's not a substitute for a personal stake or interest in the case. And what the plaintiffs have never done here is articulate what their personal interest or stake is in this case going forward. And the relation back argument, because of the peculiarities of the Fair Labor Standards Act, doesn't save them. And they acknowledge that in the reply brief when they say they need their opt-in notice to relate back. So in sum, Your Honors, I think Judge Bailson, who had all of these issues before him and did a very thorough analysis of the case, realized that the tensions that exist between Rule 23 and Rule 68 don't apply under the Fair Labor Standards Act. If you don't voluntarily accept the offer of judgment, isn't the import of the other cases is that you are then in the case for the purpose of asserting the rights of others, the collective class or the collective group under the FSLA? Under the Fair Labor Standards Act? No. When you say the import of the other cases, I don't know what you mean. Well, the idea being you can't pick somebody off if they're representing others. Here you have a multistage process. You have to file the claim on your own, and then don't you have to ask the court for permission to file on behalf of the others? You don't have to. Courts have sometimes sua sponte ordered notice. You may ask for notice. And some plaintiffs don't ask for notice because they have solicitation means themselves to get enough opt-in plaintiffs through word of mouth, through the Internet, whatever it may be, to do it themselves. But if you don't do that, let's say you don't line them up, or the counsel doesn't line them up to begin with, and you make them an offer but they haven't yet settled with you, why isn't that important here? Because in effect that person is saying to you, I want to preserve my right to seek to represent others. Two things. One, it's not an offer of settlement in the traditional sense because in this case, Ms. Simchick was offered everything she could possibly recover that has never been contested. So it's not compromise your claim for me. She was offered everything. She was offered everything that she sought on her own, but eventually she's made it clear that she's going to seek also on behalf of others. The Fair Labor Standards Act. If they opt-in, of course. The Fair Labor Standards Act does not permit a plaintiff to represent other plaintiffs. It's not a representative plaintiff. That is the issue that Cameron Grant thoroughly and I think properly dealt with. There's a lot of district court opinions out there that have wrestled with it as well. You do not have a right to operate in a representative fashion a la Rule 23 or as a private attorney general under the Fair Labor Standards Act. What do you think? I'm sorry. I was going to say the plaintiffs actually acknowledge that in their brief. Page 23 of their principal brief. If we're trying to discern congressional intent here, what did they intend with the opt-in procedure? Well, and I think that in your other opinion, Desencio v. Tyson Foods does a very good job of laying out the history of the Fair Labor Standards Act, the 216B. And as you know, prior to the Portal to Portal Act, there was a, as a result of the Supreme Court's decision, and I believe it was Steiner or Anderson Pottery, there was a proliferation of Fair Labor Standards Act cases primarily filed by unions. Nameless, faceless people, huge claims, et cetera. Congress didn't like the onslaught of litigation. As a result, entered into the or enacted the Portal to Portal Act, which specifically says in order to be a plaintiff in a Fair Labor Standards Act, you must affirmatively consent to join. And what that has been interpreted to mean is that you must file a consent form. Even the name plaintiff, the act of filing a complaint in many courts as held, is not sufficient to comply with the statute, that you must independently file that consent form. Well, the argument is made that Congress envisions some form of collective action here. And it could be that for the next 100 people that file, you may make Rule 68 offers of judgment and pay each one off. So I assume, we could carry it out to 1,000 people, I suppose. But under those circumstances, you still think that the purpose of the opt-in provision would not have been frustrated by, quote, in your terms, mooting all of these claims? No, Your Honor. And actually, I think the purposes of Rule 68 would be frustrated by such a rule. Because the fact of the matter is, Rule 68 is out there. It is a perfectly appropriate procedural device. It was used in this case and asked to be followed through on, and the district court did so. They have several times, Congress has tried to amend Rule 68 to exclude class actions and assume collective actions, collective group actions, whatever they may be. And on two occasions, and I think the White's opinion notes it, that those efforts were rejected. And to the extent there's a congressional intent to be heard, maybe that's where it's coming from. I see my time is up, Your Honor. No, you can finish up. I just want to say in closing, Your Honor, that the case is moot. And what the plaintiff has yet, or the appellant, has yet to articulate, and I think Cameron Grant resolves against them, and which prevents the relation back, Dr. DePline, in this case, is that the named plaintiff in this case has no personal stake remaining in the case. There is no personal stake that she could assert, like a Rule 23 plaintiff can, to the certification decision itself. Because the certification decision doesn't rest, vest any rights in anyone. Therefore, this case is moot. Judge Balesen got it right. And I think that the panel should, and the court should dismiss the appeal as moot as well. Good. Any other questions? Mr. Boudreau, thank you very much. Mr. Lynch. Thank you, Your Honors. Mr. Boudreau has said several times that there is no such thing as a certification of an FLSA action. That semantic debate is not necessary. In effect, what you've got here is, which has dominance, Rule 68 or the FSLA as to what you perceive the congressional intent is? And I don't know. I mean, there have been efforts to change Rule 68 that haven't been successful so far. That's true, Your Honor. But what I'd like to make clear, though, is that the intent in 216B of the FLSA is clear. It's not as if there's some question about whether or not you can have a representative action under 216B. The statute itself says that, let alone the Hoffman-LaRoche Supreme Court decision. I mean, in the statute it says you can bring the action individually on behalf of yourself and others similarly situated. The distinction everybody seems to be tripping over here, and it's not a relevant one, I would suggest, regarding the relation back, is the distinction of how these classes are defined. Under 216B, the representative plaintiff doesn't really become a representative of anybody, and that's true, until, though, there's somebody that's similarly situated who affirmatively consents to join the litigation. So there is, at some moment in time, the creation of something more than just an individual action. At some moment in time, that plaintiff becomes a representative. They are not a representative under a Rule 23 analysis, where they're automatically the representative of a defined class that the plaintiff describes at the beginning of the litigation. But they are a representative of a class that essentially self-defines. But if your client had voluntarily sold, would she be able to say that the case was not moot? I think that then I'd be up against Lusardi, Your Honor, to be frank with you. I think that the difference here, I think, which really saves the day, or really, I think, suggests strongly in favor of ruling in my favor on this, is the whole idea of preventing defendants from picking off a plaintiff which thwarts the purpose of Rule 23 under Weiss, here, 216B. I really think that's the main difference. But doesn't a voluntary acceptance or settlement work the same result in a matter like this? I think it does, but I think there, in Lusardi, I think the argument was these plaintiffs sort of punted on their role of representing that class. I mean, you're right, it does effectively represent the same result, but I don't know how you could bend somebody's arm, even though once they've taken the settlement, then they're asking to be a litigant again. That's different, then, than having somebody be picked off. I mean, I think the whole difference, the major difference here is with their choice versus not having any choice at all. The problem here is the fact that Ms. Simpson was employed with Genesis only for a limited period of time. She no longer works there. She can't really be used to effect change. That matters not so much for her, but it matters more importantly for other people that have come and gone from that institution, because those statutes are running. Mr. Boudreau is correct. It is a three-year sliding target. It's a three-year look back, the way I refer to it. But there are a lot of people's claims that are quickly becoming stale because they haven't received the notice or any opportunity to opt in. They stopped working there, and so their claims stopped. Yes. And the idea that, well, that's just the consequence of the 216B mechanism, I think it bears noting that that was the same consequence for the absent class members in Weiss, because all we had there was a complaint filed with allegations of a class action. Until that case is certified, I mean, there's some tolling going on there because there's an allegation, but ultimately, once the case was dismissed, had that case not been salvaged through the relation-backed doctrine, those people were out on their own again, and they never would have received notice of anything. So I think it's very important not to get caught up in the idea of what the certification is versus a representative action. I think the point is that under 216B, as well as Rule 23, both of these cases move beyond individual cases at some point and become representative actions. And at that moment in time, there is something more that can't be mooted by simply paying off that particular plaintiff. And the whole idea of relation-back is to allow the court to engage in that process and relate back in time whatever is necessary to allow that analysis to occur. There was also some mention by Mr. Boudreau of this idea of no procedural stake in representing the class. Weiss did not turn on that. If Weiss turned on the idea that a representative plaintiff under Rule 23 had a present procedural right to represent the class, the doctrine of relation-back wouldn't have been necessary. That was the main thing there. The main thing is you had to relate it back in order to allow the court to engage in the Rule 23 analysis of whether the case should be certified as a class action. So the idea that a representative, after the motion to certify or after the certification under Rule 23, has some procedural right to maintain the claim on behalf of the class, that's great and that's true. And that may, in fact, be something of a difference between Rule 23 and the FLSA as to when that procedural right kicks in. But it made no difference in Weiss because we were both taught, in both cases, this one and Weiss, we're talking about a situation where it's before that time has come. We're talking about a plaintiff who's exposed. And that's what we're trying to do is protect that exposed plaintiff so that the court can engage in the analysis, whether it be under Rule 23 or 216B. That's it. My time's up. If there aren't any other questions. Any other questions? Good. Thank you. The case was very well argued. The court would like to have a transcript made of the argument. And we ask that both parties share in the cost of the argument.